﻿Citation Nr: AXXXXXXXX
Decision Date: 07/30/19 Archive Date: 07/29/19

DOCKET NO. 181213-1714
DATE: July 30, 2019

ORDER

Service connection for colon cancer is granted.

FINDING OF FACT

The Veteran’s colon cancer was due to his radiation exposure during active duty.

CONCLUSION OF LAW

The criteria to establish service connection for colon cancer are met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty as a medical equipment repair tech and x-ray tech from January 1947 to February 1967.

The Board notes that the rating decision on appeal was issued on May 2017 and October 2018. In December 2018, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)).

In April 2019, the Veteran testified at a Board videoconference hearing. The Board has reviewed the transcript of that hearing.

Entitlement to service connection for colon cancer.

The Board can grant service connection for a current disability that resulted from an injury, disease, or aggravation, while in active service. 38 U.S.C. § 1110, 1131; 38 C.F.R. § 3.303(a). Generally, service connection requires (1) a present disability, (2) in-service incurrence or aggravation of a disease or injury, and (3) a nexus between the present disability and the in-service incurrence or aggravation of a disease or injury. See Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

Service connection for a disability resulting from exposure to ionizing radiation can be shown in three different methods. See Rucker v. Brown, 10 Vet. App. 67, 71 (1997).

First, there are certain types of cancer, including colon cancer, that are presumptively service-connected when they occur in “radiation-exposed veterans.” 38 U.S.C. § 1112(c)(1), (2)(S); 38 C.F.R. § 3.309(d)(1), (2)(xix). The term “radiation-exposed veteran” means either a veteran who while serving on active duty or during a period of training participated in a radiation-risk activity. 38 C.F.R. § 3.309(d)(3)(i). A “radiation-risk activity” is defined as (1) on-site participation in a test involving the atmospheric detonation of a nuclear device; (2) participation in the occupation of Hiroshima or Nagasaki, Japan, between August 6, 1945, and July 1, 1946; (3) internment as a prisoner of war in Japan which resulted in an opportunity for exposure to ionizing radiation; (4) service in which the veteran was, as part of his/her official duties, present during a total of at least 250 days before February 1, 1992, on the grounds of a known gaseous diffusion plant; or (5) service before January 1, 1974, on Amchitka Island, resulting in exposure to ionizing radiation in the performance of duty related to the Long Shot, Milrow, or Cannikin underground nuclear tests. 38 C.F.R. § 3.309(d)(3)(ii).

The Veteran, however, is not considered a “radiation-exposed veteran” under § 3.309. 

Second, “radiogenic diseases” may be service connected, provided that certain conditions are met under 38 C.F.R. § 3.311. A “radiogenic disease” means a disease that may be induced by ionizing radiation and has become manifest five years or more after exposure. 38 C.F.R. § 3.311(b)(2), (5). Colon cancer is a radiogenic disease under 38 C.F.R. § 3.311(b)(2)(x). In all claims in which it is established that a radiogenic disease first became manifest after service and was not manifest to a compensable degree within any applicable presumptive period as specified in § 3.307 or § 3.309, and it is contended the disease is a result of exposure to ionizing radiation in service, an assessment will be made as to the size and nature of the radiation dose or doses. In claims involving radiation exposure, other than atmospheric nuclear weapons testing or Hiroshima and Nagasaki occupation, the Secretary for Health will be responsible for preparation of a dose estimate, to the extent feasible, based on available methodologies and all available records concerning the veteran’s exposure to radiation, normally including the Record of Occupational Exposure to Ionizing Radiation (DD Form 1141), service medical records, and other records which may contain information pertaining to the veteran’s radiation dose in service.

Third, service connection is available if established on a direct basis that the disease diagnosed after discharge is the result of active service. See Combee v. Brown, 34 F.3d 1039, 1043-1044 (Fed. Cir. 1994); 38 C.F.R. § 3.303. Service connection may be established for colon cancer under 38 C.F.R. § 3.303(d) with the assistance of the procedural advantages prescribed in 38 C.F.R. § 3.311 if the condition at issue is a radiogenic disease.

The VA must give due consideration to all pertinent medical and lay evidence in evaluating a claim for disability benefits. Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed Cir. 2009).

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the VA shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 57-58 (1990).

After review of the record, the Board finds that the criteria for service connection for colon cancer are met.

Colon cancer was diagnosed in 1982, approximately 16 years after discharge from active duty. See 04/16/2019, VA Examination. A few days after the diagnosis surgery was performed to remove part of the large intestine affected, leaving a vertical midline scar of 24 centimeters. The Veteran has undergone multiple colonoscopies following the surgery, and all results since the surgery have been normal. The Veteran is presumed cured of colon cancer; however, he currently experiences residual effects of colon cancer and the surgery and undergoes yearly colonoscopies.

Given the Veteran’s history of a colon cancer diagnosis, as well as his documented colon-related symptoms during the appeal, such as diarrhea, flank pain, abdominal pain, nausea, and urine leakage issues, the Board finds that the element of a current disability is met. See 02/28/2017, CAPRI.

The Veteran asserts that his colon cancer developed as a result of exposure to ionizing radiation while on active duty in the Air Force, and its predecessor, due to his duties as a radiography technician. The Veteran noted two instances of significant overexposure to radiation. In 1947, when stationed at Bergstrom Base in Austin, Texas, he held multiple airplane crash victims in place for their x-rays, and he did not use any protective gear commonly used today. The Veteran again held airplane crash victims in place for x-rays in Adak, Aleutian Islands in 1948.

The September 1966 Report of Medical History notes he worked with radioactive substances as part of his duties as an x-ray technician and medical equipment repairman from 1947 to 1966. 03/14/2017, STR—Medical. 

A private optometrist in August 2016 noted that history indicating radiation is known to cause colon cancer. A private physician, L.E., M.D., opined in October 2016 and April 2019 that the colon cancer is likely related to the Veteran’s radiation overexposure during his service years. The physician noted that prior to 1950, x-ray machines were known to leak radiation even when not in use, and technicians did not engage in safety measures.

Based on the preceding, the Board finds that the evidence is, at the very least, in relative equipoise as to whether his colon cancer is related to his in-service radiation exposure. Therefore, resolving all reasonable doubt in the Veteran’s favor, his claim for service connection for colon cancer is granted. 38 U.S.C. § 5107; 38 C.F.R. § 3.303(d).

 

JAMES L. MARCH

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD S. Costa, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.